**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 23, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

JAMES P. TATTEN, individually,

Plaintiff-Appellant,

v.

BANK OF AMERICA CORPORATION;
BANK OF AMERICA, N.A.; BAC
HOME LOANS SERVICING, LP,

Defendants-Appellees.

No. 13-1408
(D.C. No. 1:12-CV-00459-KMT)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **HOLMES**, **ANDERSON**, and **BALDOCK**, Circuit Judges.

Plaintiff James P. Tatten, an attorney appearing pro se, appeals the district

court's dismissal of his complaint against the Bank of America Corporation and Bank

of America, N.A., successor by merger to BAC Home Loans Servicing, LP,

(collectively BANA). He alleged breach of contract and fraudulent misrepresentation

in connection with a mortgage loan. The district court dismissed both claims under

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Fed. R. Civ. P. 12(b)(6).  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The parties are familiar with the facts and the previous proceedings and we summarize them only briefly.  Mr. Tatten signed a note and deed of trust in 2004, to obtain a mortgage loan of $406,192, secured by his home in Denver, Colorado.  In November 2008, Plaintiff suffered a traumatic brain injury in a violent assault and was hospitalized for three months for rehabilitation.  In January 2009, Plaintiff notified BANA, holder of the note and deed of trust, that because of his brain injury, he would need his family to help him identify and handle his financial matters, including his mortgage loan with BANA.  Plaintiff made no payments on the loan after January 2009.  After BANA began foreclosure proceedings in June 2009, the parties entered into a loan modification agreement on October 6, 2009, allowing Plaintiff to make monthly interest-only payments for a period of time.  On October 12, 2009, BANA's attorneys notified him they were withdrawing and dismissing the foreclosure proceedings.  Plaintiff never made any payments under the loan modification agreement.  BANA sent him monthly statements showing his unpaid balances.  In 2012, following a hearing, a state court authorized BANA to sell Plaintiff's home.

In his amended complaint,[1] Plaintiff asserted that BANA breached the terms of the loan modification agreement and made fraudulent misrepresentations to him to induce him to sign the loan modification agreement. The district court dismissed both claims for failure to state a claim.

We review the dismissal of a complaint under Rule 12(b)(6) de novo. *Doe v. City of Albuquerque*, 667 F.3d 1111, 1118 (10th Cir. 2012). To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Because this is a diversity case, we apply federal law to procedural questions but the substantive law of the forum state, Colorado, in analyzing the underlying claims. *Haberman v. Hartford Ins. Grp.*, 443 F.3d 1257, 1264 (10th Cir. 2006).

Mr. Tatten repeatedly asserts that his complaint should be liberally construed and he should be held to less stringent pleading standards because he is proceeding pro se. Although we generally construe pro se "pleadings and filings liberally," *Lewis v. Comm'r*, 523 F.3d 1272, 1273 n.1 (10th Cir. 2008), we do not extend that same indulgence to pro se litigants who, like Mr. Tatten, are also attorneys.

---

[1] In his initial complaint, Mr. Tatten alleged additional claims against BANA and named an additional defendant, Brian T. Moynihan, president of Bank of America. The district court dismissed that complaint with prejudice as to all but Mr. Tatten's breach of contract and fraudulent misrepresentation claims, which it granted leave to amend. To the extent Mr. Tatten is challenging the district court's dismissal of his first complaint, we have independently reviewed the record, and we agree with the district court's analysis and rulings in its order of dismissal dated December 17, 2009.

*Comm. on the Conduct of Attorneys v. Oliver*, 510 F.3d 1219, 1223 (10th Cir. 2007).
Even were we to construe Mr. Tatten's filings liberally, that would not excuse him
from complying with the Federal Rules of Civil and Appellate procedure, including
pleading requirements, *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008),
nor would we "supply additional factual allegations to round out [his] complaint or
construct a legal theory on [his] behalf," *Whitney v. New Mexico*, 113 F.3d 1170,
1173-74 (10th Cir. 1997).

*Breach of Contract Claim.*  Plaintiff alleged BANA breached the loan
modification agreement by failing to provide him with a complete and true statement
of the acceptance, terms, conditions and costs governing his loan.  He alleges that
between June 2009 and January 2010, BANA employees and attorneys gave
conflicting information in conversations and correspondence as to whether or not his
account was in foreclosure, whether he was eligible to modify the loan terms, and
when payments were due under the loan modification agreement.

Under Colorado law, a plaintiff must sufficiently plead the following elements
to state a claim for breach of contract: (1) the existence of a contract; (2) plaintiff's
performance or some justification for nonperformance; (3) defendant's failure to
perform; and (4) resulting damages to the plaintiff.  *W. Distrib. Co. v. Diodosio*,
841 P.2d 1053, 1058 (Colo. 1992).  The performance element requires "substantial
performance," meaning that the defendant has "received substantially the benefit he
expected."  *Id*. (internal citations omitted).  "A party may establish justification for

- 4 -

nonperformance under a contract if it demonstrates that the other party to the contract caused its nonperformance." *Hemmann Mgmt. Servs. v. Mediacell, Inc.*, 176 P.3d 856, 859 (Colo. App. 2007).

Mr. Tatten admitted in his amended complaint that he made no payments at all on his promissory note since at least January 2009, and never made any payment at all under the loan modification agreement. The district court dismissed Mr. Tatten's breach of contract claim because his complaint demonstrated he did not substantially perform under the loan modification agreement. On appeal, Mr. Tatten argues he is not required to plead facts relating to the performance element, and that he is entitled to discovery before being put to proof. Whether there has been substantial performance under a contract is generally a question of fact *unless* the facts are undisputed and only one inference can be drawn reasonably. *Little Thompson Water Ass'n v. Strawn*, 466 P.2d 915, 917 (Colo. 1970). Here, it is an undisputed fact from Mr. Tatten's allegations and admissions in his complaint that he never performed. Further, he did not plead any facts plausibly suggesting that BANA prevented him from making any of the required payments. We agree with the district court that Mr. Tatten failed to plead a breach of contract claim that has facial plausibility under Colorado law. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

*Fraud.* Mr. Tatten alleges that in September 2009, he was enticed, misled, or deceived into modifying his mortgage when BANA employees or representatives told him over the course of several conversations that foreclosure proceedings had

stopped; he had been granted a special forbearance; the mortgage payments were suspended through October 2009; the modification would be payment assistance; signing the modification would stop foreclosure; and payment was not due under the modification until November 1, 2009. Under Colorado law:

> To establish fraud, the plaintiff must show that the defendants made a false representation of a material fact, knowing that representation to be false; that the person to whom the representation was made was ignorant of the falsity; that the representation was made with the intention that it be acted upon; and, that the reliance resulted in damage to the plaintiff.

*Coors v. Sec. Life of Denver Ins. Co.*, 112 P.3d 59, 66 (Colo. 2005).

The district court discussed each alleged misstatement in detail, based on Mr. Tatten's amended complaint, including the documents he attached, and copies of public, judicial records attached to BANA's motion to dismiss. *See Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010) (noting that a court may consider, in ruling on a Rule 12(b)(6) motion, documents incorporated by reference in the complaint; documents referred to in and central to the complaint, when no party disputes its authenticity; and matters of which a court may take judicial notice). Briefly, the district court ruled that Mr. Tatten failed to plausibly allege that he signed the loan modification to his detriment or relied to his detriment on any statement that the foreclosure was stopped, that he had been granted a special forbearance, or that the modified loan was payment assistance. It ruled the remaining alleged misstatements failed to state a claim for fraud because the documents properly before the court indisputably demonstrated that, upon receipt of the loan modification agreement,

BANA immediately stopped the foreclosure proceedings and did not request payment until after November 1, 2009.

On appeal, Mr. Tatten argues that that his complaint met the requisite pleading requirements. He argues that the district court's statements included judgmental labels; its rulings were based on incomplete information due to the lack of discovery; it erroneously inferred BANA to be truthful; it failed to make inquiry into his brain injury; and it erred in taking judicial notice of the transcript in the state court hearing conducted under Colorado Rule of Civil Procedure 120 seeking authorization to sell the home. We have reviewed the record, the briefs, and the relevant legal authority. The district court's analysis of Mr. Tatten's claims was detailed and well-reasoned, and we conclude it properly dismissed Mr. Tatten's complaint under Rule 12(b)(6).

Accordingly, the judgment of the district court is affirmed for substantially the reasons set forth in its orders dated December 17, 2012, and January 21, 2014.

Entered for the Court

Stephen H. Anderson
Circuit Judge