**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 11, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

JAMES P. TATTEN,

     Plaintiff - Appellant,

v.

THE CITY AND COUNTY OF DENVER,
a municipality; DEBRA JOHNSON, Clerk
and Recorder, in her official capacities;
LSF9 MASTER PARTICIPATION
TRUST,

     Defendants - Appellees.

No. 17-1141
(D.C. No. 1:16-CV-01603-RBJ-NYW)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **HARTZ**, and **McHUGH**, Circuit Judges.
_____

    James P. Tatten, an attorney representing himself, appeals the district court's

dismissal of his complaint against the City and County of Denver and Debra Johnson,

the City and County of Denver Clerk and Recorder (the City Defendants), and the

LSF9 Master Participation Trust (LSF9). Mr. Tatten asserted claims arising from the

foreclosure of his Denver, Colorado home under 42 U.S.C. § 1983, the Americans

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

with Disabilities Act (ADA), and the Fair Debt Collection Practices Act (FDCPA). The district court, adopting the magistrate judge's Report and Recommendation (R&R), dismissed the complaint under Fed. R. Civ. P. 12(b)(1) and 12(b)(6), and denied Mr. Tatten's untimely motion to amend his complaint. We have jurisdiction under 28 U.S.C § 1291 and affirm.

I. BACKGROUND.

A. Rule 120 Proceedings. Mr. Tatten signed a note and deed of trust with a bank in 2004 to obtain a mortgage loan of $406,192, secured by his Denver home. He suffered a traumatic brain injury in November 2008, was hospitalized for two months, and was found disabled for purposes of Social Security disability benefits. His last payment on the note was in December 2008. The bank began foreclosure proceedings, but in late 2009, Mr. Tatten signed a loan modification agreement with the bank, but he never made a payment under the modification agreement. In 2012, a Colorado court authorized the bank to sell Mr. Tatten's property. Mr. Tatten sued the bank in federal court, asserting it had breached the terms of the loan modification agreement and made fraudulent misrepresentations to him to induce him to modify the loan. The district court dismissed the claims, and this court affirmed. *Tatten v. Bank of Am. Corp.*, 562 F. App'x 718, 722 (10th Cir. 2014).

In October 2015, Mr. Tatten received notice that his mortgage loan had been sold to LSF9. In February 2016, LSF9 began foreclosure proceedings under Colorado Rule of Civil Procedure 120. Mr. Tatten contested the Rule 120 proceedings, but following a hearing, the state court issued an order authorizing sale

2

(the OAS order).  The day before the scheduled sale, Mr. Tatten filed an emergency motion to enjoin the sale, arguing the foreclosure was time-barred and violated his constitutional rights and the FDCPA.  The state court denied the motion and the public trustee sold the property at auction on June 9, 2016.

B.  <u>District Court Proceedings</u>.  On June 23, 2016, Mr. Tatten filed the complaint at issue here challenging the Rule 120 proceedings, the OAS order, and the Defendants' actions in connection with the 2016 foreclosure proceedings.  Mr. Tatten asserted three § 1983 claims in connection with the Rule 120 foreclosure proceedings:  that all of the Defendants had violated his Fourteenth Amendment due process rights, all had violated his Fourteenth Amendment equal protection rights, and the City Defendants had implemented unconstitutional policies and practices.  He also asserted claims against all of the Defendants for violating his FDCPA rights and for intentionally inflicting emotional distress (IIED).  Finally, he asserted the City Defendants had violated his ADA rights.

On July 14, 2016, the City Defendants filed a motion to dismiss pursuant to Rules 12(b)(1) and (6), to which Mr. Tatten responded.  LSF9 waived Mr. Tatten's failure to effect service and filed its own motion to dismiss under Rules 12(b)(1) and (6) on November 7, 2016.  Mr. Tatten never responded to LSF9's motion to dismiss.

Mr. Tatten filed an amended complaint on November 28, 2016.  The magistrate judge struck that filing for failure to seek the required authorization under Fed. R. Civ. P. 15(a)(2), and failure to provide a redlined amendment in compliance with D.C.COLO.LCivR 15.1(b).  She gave Mr. Tatten leave to refile his amendment

3

in compliance with the rules by December 6, 2016. On January 11, 2017, Mr. Tatten filed his motion to amend his complaint to assert claims under the Colorado Consumer Protection Act, the Colorado Foreclosure Protection Act, and negligent infliction of emotional distress.

C. <u>Report and Recommendation Adopted</u>. The magistrate judge concluded the district court lacked jurisdiction over Mr. Tatten's first two § 1983 claims (due process and equal protection), as barred by the *Rooker-Feldman* doctrine, which forbids lower federal courts from reviewing state-court civil judgments. She concluded Mr. Tatten's third § 1983 claim, alleging the City Defendants failed to train and supervise its employees on how to implement Rule 120 foreclosures in accordance with the U.S. Constitution, was not barred by *Rooker-Feldman*, but that Mr. Tatten's factual allegations were insufficient to state a claim for municipal liability. She also concluded that Mr. Tatten failed to allege sufficient facts to state an ADA claim because his complaint provided no factual allegations that he requested any accommodations because of his disability.

She recommended dismissal of the FDCPA claim because neither the City Defendants nor LSF9 are "debt collectors" within the meaning of that statute. She recommended dismissal of the IIED claim against LSF9 because Mr. Tatten's allegations did not plausibly suggest it engaged in any outrageous and extreme conduct that would state an IIED claim. Further, the Colorado Governmental Immunity Act barred the IIED claim against the City Defendants. Finally, the magistrate judge concluded Mr. Tatten's motion to amend his complaint should be

4

denied because Mr. Tatten offered no explanation for his failure to file a timely motion or to comply with the local rules, and the proposed amendment was futile.

The district court adopted the R&R and dismissed the first two § 1983 claims and the IIED claim against the City Defendants under Rule 12(b)(1), and dismissed all of the remaining claims under Rule 12(b)(6). In doing so, it noted that most of Mr. Tatten's objections to the R&R were too general and conclusory to preserve any issue for de novo review. It denied the motion to amend. Mr. Tatten timely appeals.[1]

II. DISCUSSION.

A. Review Standards. We review de novo the district court's dismissal of the complaint under Rules 12(b)(1) and 12(b)(6). *See Muscogee (Creek) Nation v. Okla. Tax Comm'n*, 611 F.3d 1222, 1227 (10th Cir. 2010). "In reviewing a dismissal, we must accept as true all well-pleaded facts, as distinguished from conclusory allegations, and those facts must be viewed in the light most favorable to the non-moving party." *Moss v. Kopp*, 559 F.3d 1155, 1161 (10th Cir. 2009). We review a district court's denial of leave to amend for abuse of discretion, including a de novo review of a determination that amendment would be futile *Cohen v. Longshore*, 621 F.3d 1311, 1314 (10th Cir. 2010). Finally, for the reasons discussed below, we decline to extend the liberal-construction rule afforded typical pro se litigants because Mr. Tatten is an attorney who has chosen to represent himself.

---

[1] Mr. Tatten's opening brief does not mention or raise any challenge to the dismissal of his municipal liability § 1983 claim against the City Defendants or his ADA or IIED claims, and we deem any challenge to the dismissal of these claims waived. *See Culver v. Armstrong*, 832 F.3d 1213, 1214 n.1 (10th Cir. 2016) ("[I]issues not raised in an opening brief are waived.").

5

B.  <u>Construction of Pleadings</u>.  The district court concluded that Mr. Tatten was not entitled to any special consideration as a pro se litigant because he is an attorney.  The Supreme Court has directed courts to hold pro se litigants' pleadings "to less stringent standards than formal pleadings drafted by lawyers."  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  We have interpreted the *Haines* rule to mean "that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 & n.3 (10th Cir. 1991).  This liberal-construction rule does not, however, relieve a pro se plaintiff of his burden to present sufficient facts to state a legally cognizable claim, nor will the court act as his advocate and make his arguments for him.  *Id.*

Mr. Tatten argues the district court violated his due process and equal protection rights; the Rules Enabling Act, 28 U.S.C. § 2072(b); and the federal rules of civil procedure by failing to accord him the liberal construction afforded pro se litigants.  *See* Aplt. Br. at 7-8 (last clause of First, Second and Third Issues on Appeal).  And he argues that the district court had no basis to conclude he was an attorney because he did not include that information in his complaint.  The district court did not err.

The district court based its determination that Mr. Tatten was not entitled to liberal construction on our same determination in Mr. Tatten's first appeal, in which we explained that "we do not extend that indulgence [of the pro se liberal-construction rule] to pro se litigants who, like Mr. Tatten, are also attorneys."  *Tatten*, 562 F. App'x at 720 (citing *Comm. on the Conduct of Attorneys v. Oliver*,

6

510 F.3d 1219, 1223 (10th Cir. 2007)).  In that case, Mr. Tatten stated in his complaint that he "is an attorney and professional lobbyist."  *Id.*, Appeal No. 13-1408, R. at 77.  A court may take judicial notice of its own files and records, as well as facts which are a matter of public record.  *Gee v. Pacheco*, 627 F.3d 1178, 1194 (10th Cir. 2010).[2]

Thus, the district court validly determined that Mr. Tatten is an attorney. Indeed, Mr. Tatten's failure to disclose to the district court that he is a licensed attorney, whilst seeking application of the pro-se liberal construction rules may be sanctionable conduct.  *Cf. Duran v. Carris*, 238 F.3d 1268, 1272-73 (10th Cir. 2001) (per curiam) (noting that failure to disclose that an attorney drafted pleadings, enabling a pro se litigant to seek liberal treatment because he does not have an attorney, constitutes misrepresentation and an ethical violation).

The obvious reason for according liberal construction to pro se litigants is that a typical pro se plaintiff does not have legal training and is "unskilled in the law." 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1286, p. 752 (3d ed. 2004); *see also Haines*, 404 U.S. at 520 (contrasting pleadings by pro

---

[2] Further, the address Mr. Tatten has provided to this court is jimtatten@legislativebasecamp.com, at 8681 East 29th Street in Denver, the address of his foreclosed property, and we take judicial notice that James P. Tatten with an address of Legislative Base Camp, 8681 East 29th Street in Denver, is listed as a licensed inactive attorney with the Nebraska Bar Association, State Bar No. 18958, as of May 15, 2017.  http://www.nebar.com/members/?id=26353125/accessed 3/27.2018.  *See New Mexico ex rel. Richardson v. Bureau of Land Mgmt.*, 565 F.3d 683, 702 & n.22 (10th Cir. 2009) (taking judicial notice of facts on government websites and observing, "It is not uncommon for courts to take judicial notice of factual information found on the world wide web" (quotations omitted)).

7

se litigants with those "drafted by lawyers"). But Mr. Tatten is a licensed lawyer and does have legal training. This circuit has repeatedly declined to extend the benefits of liberal construction to pro se pleadings filed by attorneys who have chosen to represent themselves. *See Oliver*, 510 F.3d at 1223 ("[W]hile we generally construe pro se pleadings liberally, we decline to extend the same courtesy to Mr. Oliver, a licensed attorney." (internal quotation marks omitted)); *Mann v. Boatright*, 477 F.3d 1140, 1148 n.4 (10th Cir. 2007) ("While we generally construe pro se pleadings liberally, the same courtesy need not be extended to licensed attorneys." (quotation omitted)); *Smith v. Plati*, 258 F.3d 1167, 1174 (10th Cir. 2001) ("While we are generally obliged to construe pro se pleadings liberally . . . we decline to do so here because Smith is a licensed attorney."). Other circuits have similarly declined to apply liberal construction to attorneys representing themselves. *See, e.g., Andrews v. Columbia Gas Transmission Corp.*, 544 F.3d 618, 633 (6th Cir. 2008) (district court did not abuse its discretion by denying special consideration to pro se attorney); *Godlove v. Bamberger, Foreman, Oswald & Hahn*, 903 F.2d 1145, 1148 (7th Cir. 1990) ("Ordinarily, we treat the efforts of *pro se* applicants gently, but a *pro se* lawyer is entitled to no special consideration."); *Harbulak v. Cty. of Suffolk*, 654 F.2d 194, 198 (2d Cir. 1981) (party who is a lawyer "cannot claim the special consideration which the courts customarily grant to pro se parties"); *Olivares v. Martin*, 555 F.2d 1192, 1194 n.1 (5th Cir. 1977) ("We cannot accord [plaintiff] the advantage of the liberal construction of his complaint normally given pro se litigants . . . because [plaintiff] is a licensed attorney.").

8

Mr. Tatten asserts that the district court should have construed his pleadings liberally because he has never represented a client in a courtroom and has cognitive impairments resulting from his traumatic brain injuries. We need not decide whether these factors entitle Mr. Tatten to liberal construction of his pleadings, because we find nothing in the district court's analysis and disposition of Mr. Tatten's claims that would have been different had it applied a liberal construction rule. As the district court explained, even had it construed Mr. Tatten's filings liberally, that would not have relieved him from complying with the Federal Rules of Civil Procedure, *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008), or "of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall*, 935 F.2d at 1110.

C. Rule 12(b) Evaluation of the Complaint. Mr. Tatten argues that the district court violated his due process and equal protection rights; § 2072(b); and the federal rules of civil procedure by failing to accept as true, and viewing in the light most favorable to him, his allegations that he is a cognitively-disabled litigant with significant intellectual impairments caused by his traumatic brain injury. Aplt. Br. at 7-8 (first and second clauses of First, Second and Third Issues on Appeal). His assertions that the district court ignored, failed to discuss, and failed to make inquiry into his traumatic brain injury and cognitive impairments are his principal arguments on appeal. *Id.* at 9-28.

We find nothing in the R&R or the district court's decision that indicates or suggests that the magistrate judge or the district court failed to accept as true

9

Mr. Tatten's allegations as to his cognitive and intellectual impairments, or failed to view that evidence in his favor. Indeed, the magistrate judge and the district court clearly presumed Mr. Tatten's allegations as to his disability as true in resolving all of his legal claims. Mr. Tatten never articulates why a more detailed discussion of his cognitive impairments would have had any relevance to the court's Rule 12(b) dismissal of his claims. Further, the court could not, as Mr. Tatten argues it should have, inquired into his cognitive impairments beyond the well-pleaded factual allegations in his complaint. *See Muscogee*, 611 F.3d at 1227 & n.1 (court reviewing Rule 12(b)(6) and facial Rule 12(b)(1) dismissal motion may look only to the factual allegations in the complaint). Based on our review of the record, we find no instance in which the district court's dismissal of Mr. Tatten's claims was based on any determination or implied inference that Mr. Tatten did not suffer from the cognitive disabilities he alleged.

Mr. Tatten also repeatedly makes the general allegation that the district court failed to accept his allegations as true and to view his factual allegations in the light most favorable to him. But for the most part, he fails to identify what facts the district court failed to accept as true or view in his favor. Other than his cognitive impairment, the few times Mr. Tatten identifies the facts he claims the district court improperly considered, such as "the relevant time-line of events," "the applicable Colorado statute of limitations," and "Colorado's non-judicial Rule 120 hearing," Aplt. Br. at 19, he fails to identify which of his legal claims these facts are relevant to, or how these facts affect the district court's legal analysis of any his claims. His

10

general, "superficial" arguments that the district court failed to accept his allegations as true or view the facts in his favor, unsupported by any legal analysis or discussion of his actual claims, are "insufficient to garner appellate review." *Eateries, Inc. v. J.R. Simplot Co.*, 346 F.3d 1225, 1232 (10th Cir. 2003) (holding that an appellant "forfeits an issue it does not support with legal authority or argument" (internal quotation marks omitted)).

Mr. Tatten also argues that if the district court had properly viewed his allegations in the light most favorable to him, it would have "inferred" facts, such that he was legally incompetent, that LSF9 is a debt-buyer and debt collector and bought a time-barred, extinguished deed of trust; that the City Defendants knew he was cognitively disabled and failed to provide him with important information regarding his property because he is disabled.[3] But even for pro se litigants afforded liberal construction, courts may not "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1175 (10th Cir. 1997).

We conclude the district court applied the proper standards in reviewing the Rule 12(b) motions to dismiss.

D. Dismissal of Due Process and Equal Protection § 1983 Claims. Mr. Tatten alleged in his first two § 1983 claims that he had a constitutional right to a Rule 120

---

[3] Mr. Tatten also argues the district court should have inferred much about the actions of the bank that initiated the first foreclosure proceedings, entered into the loan modification agreement and sold his note to LSF9, but that bank is not a party to this litigation and Mr. Tatten already raised these same allegations and claims against that bank in his prior unsuccessful litigation, *Tatten*, 562 F. App'x at 720.

11

hearing that was free from prejudice and discrimination. He alleged the OAS was issued in error based on the state court's failure to find Mr. Tatten lacked the capacity to contract and failure to accommodate his cognitive disabilities in issuing its OAS order, and that the City Defendants should have known the statute of limitations barred LSF9's foreclosure. The district court ruled these § 1983 claims were barred by the *Rooker-Feldman* doctrine, which bars claims in lower federal courts "complaining of injuries caused by state-court judgments"; that is, claims "that the state court wrongfully entered its judgment." *Mayotte v. U.S. Bank Nat'l Ass'n*, 880 F.3d 1169, 1174 (10th Cir. 2018) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).

Mr. Tatten's only argument challenging the district court's ruling that these claims were barred by the *Rooker-Feldman* doctrine consists of a single statement, without any analysis, that the district court misapplied the *Rooker-Feldman* doctrine. Aplt. Br. at 34. "Under Rule 28, which applies equally to pro se litigants, a brief must contain more than a generalized assertion of error, with citations to supporting authority." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 841 (10th Cir. 2005) (ellipsis and internal quotation marks omitted). Mr. Tatten has waived appellate review of this argument. *See id.* (holding that plaintiff's brief consisting of "mere conclusory allegations with no citations to the record or any legal authority for support" disentitled him to appellate review); *Eateries*, 346 F.3d at 1232 (issues not supported with legal authority or argument are forfeited).

12

E.  <u>FDCPA</u>.  Mr. Tatten asserted in his complaint that LSF9 was a debt collector who improperly foreclosed on his property in violation of the FDCPA, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are not sufficient to state a claim for relief.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  His appellate argument as to the dismissal of the FDCPA claims is similarly threadbare; he merely asserts the district judge should have inferred that LSF9 is a third-party, debt buyer; a debt collector; collecting a debt; and that LSF9 bought his time-barred account and foreclosed on his deed of trust, which was extinguished by operation of Colorado law.  He does not challenge the district court's legal determinations that, as to City Defendants, the FDCPA expressly excludes from coverage officers and employees of any state, and as to LSF9, that initiating foreclosure proceedings does not constitute the collection of a debt under the FDCPA.  *See also Henson v. Santander Consumer USA Inc.*, 137 S. Ct. 1718, 1721–22 (2017) (holding that a debt purchaser that collects debts for its own account is not a "debt collector" under the FDCPA).  We find no error.

F.  <u>Motion to Amend</u>.  Mr. Tatten argues the district court erred in denying his untimely motion to amend his complaint because he was cognitively and intellectually confused and overwhelmed, and did not have enough time to understand the court's electronic filing system.  He does not address the district court's additional, detailed conclusion that his proposed amendment was futile.  As Mr. Tatten articulates no challenge to the futility determination, he has therefore

13

waived any such argument on appeal.  The district court did not abuse its discretion in denying leave to amend.

　　G.  Judicial Bias.

　　Mr. Tatten alleges the magistrate judge was biased against him because she formerly was a partner at Faegre & Benson, L.L.P, a law firm that represented a bank adverse to him in unrelated litigation.  He also argues the magistrate judge's and district court judge's rulings against him demonstrate bias.  Mr. Tatten never filed a recusal motion under 28 U.S.C. § 144 or 28 U.S.C. § 455, which is reason enough to conclude he has forfeited such claims.  But in any event, his allegations are insufficient to create doubts about the magistrate judge's or district court judge's impartiality.  *See Mathis v. Huff & Puff Trucking, Inc.*, 787 F.3d 1297, 1310 (10th Cir. 2015) (holding that disqualification is appropriate only where a reasonable, average member of the public would doubt the judge's impartiality).

　　Judgment affirmed.

　　　　　　　　　　　　　　　　　Entered for the Court


　　　　　　　　　　　　　　　　　Mary Beck Briscoe
　　　　　　　　　　　　　　　　　Circuit Judge

14