**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 18, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

COMMITTEE ON THE CONDUCT
OF ATTORNEYS,

        Petitioner-Appellee,

v.

D. BRUCE OLIVER,

        Respondent-Appellant.

No. 07-4097

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH**
**(D.C. No. 06-mc-952-TS)**

---

Submitted on the briefs:[*]

D. Bruce Oliver, D. Bruce Oliver, L.L.C., Salt Lake City, Utah, for Respondent-Appellant.

Peggy A. Tomsic, Tomsic & Peck, L.L.C., Salt Lake City, Utah, for Petitioner-Appellee.

---

Before **TYMKOVICH**, **BALDOCK**, and **EBEL**, Circuit Judges.

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

**EBEL**, Circuit Judge.

The United States District Court for the District of Utah suspended attorney D. Bruce Oliver from the practice of law in the federal courts of Utah for one year, followed by a three-year probation period, and entered an order of public reprimand. Mr. Oliver appeals to this court, arguing that the ruling is constitutionally infirm and factually erroneous. We conclude that proceedings in the district court leading to Mr. Oliver's suspension are in conformance with the United States Constitution and that the underlying findings and conclusions are supported by sufficient evidence. We affirm.

I.

At the time of disciplinary proceedings, Mr. Oliver had practiced law for nineteen years and had appeared frequently before the United States District Court for the District of Utah. Mr. Oliver had Rule 11 sanctions imposed on him twice and received several formal and informal admonishments by the court. On August 23, 2005, Judge Paul G. Cassell issued a sealed complaint, referring Mr. Oliver to the Utah State Bar Office of Professional Conduct and the District of Utah Disciplinary Panel for failure to comply with deadlines and court orders in twenty-seven cases.

A three-member disciplinary panel (the Panel) ordered Mr. Oliver to show cause why the Panel should not impose disciplinary action and referred the matter

to the Committee on Conduct of Attorneys (the Committee). After the then-chair

of the Committee recused himself due to a conflict, attorney Roger Segal was

appointed as acting chair. Another attorney-member of the Committee, Peggy

Tomsic, was designated to investigate the allegations and prepare a report and

recommendation.

Mr. Oliver filed a response to the order, in which he denied or attempted to

explain the complaint's allegations. Ms. Tomsic conducted her investigation and

submitted a report detailing Mr. Oliver's practices. According to her report,

Mr. Oliver could be charged with violations of the Utah Rules of Professional

Conduct relating to meritorious claims and contentions (Rule 3.1),[1] expediting

litigation (Rule 3.2),[2] fairness to opposing party and counsel (Rule 3.4),[3] and

---

[1]    Rule 3.1 provides:

A lawyer shall not bring or defend a proceeding, or assert or
controvert an issue therein, unless there is a basis in law and fact for
doing so that is not frivolous, which includes a good-faith argument
for an extension, modification or reversal of existing law. A lawyer
for the defendant in a criminal proceeding, or the respondent in a
proceeding that could result in incarceration, may nevertheless so
defend the proceeding as to require that every element of the case be
established.

[2]    Rule 3.2 requires "[a] lawyer [to] make reasonable efforts to expedite
litigation consistent with the interests of the client."

[3]    In pertinent part, Rule 3.4 prohibits a lawyer from "knowingly disobey[ing]
an obligation under the rules of a tribunal, except for an open refusal based on an
assertion that no valid obligation exists"; and, "in pretrial procedure, . . . fail[ing]
to make reasonably diligent effort to comply with a legally proper discovery

(continued...)

misconduct (Rule 8.4)[4] in at least eighteen of the cases addressed in the complaint and in one case submitted to the Committee after the complaint was filed. Ms. Tomsic recommended that Mr. Oliver be publicly reprimanded and suspended from the practice of law in the district court for three months.

The voting Committee members (not including Mr. Segal, the acting chair) agreed with the substance of Ms. Tomsic's report, but recommended the imposition of more severe sanctions. The report and the Committee's recommendations were transmitted to the Panel, which directed that an evidentiary hearing be held before a neutral hearing examiner. The Chief Judge named Magistrate Judge Paul M. Warner as the hearing examiner. Ms. Tomsic was to serve as the Committee's prosecutor.

At a status and scheduling conference, Ms. Tomsic and Mr. Oliver's counsel agreed on a pretrial motion cutoff date, a pre-hearing exchange of exhibit and witness lists, and a hearing date. Mr. Oliver then filed five motions to dismiss the action, asserting that the disciplinary procedure violated Mr. Oliver's due process rights in several ways: lack of adequate notice, failure of proof, bias on the part of Committee chair Segal, and reassertion of conduct that had

---

[3](...continued)
request by an opposing party." Rule. 3.4(c),(d).

[4]     Rule 8.4 provides that it is "professional misconduct for a lawyer to," among other things, "violate or attempt to violate the Rules of Professional Conduct," and "engage in conduct that is prejudicial to the administration of justice." Rule 8.4(a), (d).

previously resulted in sanctions or public reprimand by way of a newspaper article. The magistrate judge, acting as hearing examiner, ruled that the hearing would go forward as scheduled, and that he would rule on the dismissal motions after completion of briefing.

A two-day hearing was held under relaxed rules of evidence, due to the administrative nature of the proceedings. The Committee, represented by Ms. Tomsic, submitted documentary evidence. Mr. Oliver proffered exhibits and testified at length. Both parties presented opening and closing arguments.

After the hearing, the hearing examiner issued his findings of fact, conclusions of law, and recommendation.[5] The hearing examiner first denied Mr. Oliver's motions to dismiss. He determined that Mr. Oliver had received more than adequate notice of the charges against him, the Committee's case had met the clear-and-convincing standard of proof, the previous sanctions and newspaper article had no collateral-estoppel effect, and there was no evidence of bias on the part of the acting Committee chair.

On rule-violation charges, the hearing examiner made extensive findings with regard to specific cases. He then found there was clear and convincing

---

[5]     Pleadings in the disciplinary proceedings were filed in the district court under seal and the underlying record is sealed in this court. The Panel's final order, however, instructed the clerk of the court to unseal the hearing examiner's report and recommendation and all subsequent papers. Aplt. App., Vol. I at 137. The factual background provided in this Order and Judgment can be found in the report and recommendation or the Panel's order.

evidence that "since at least 2001, [Mr. Oliver] has knowingly engaged in a pattern of not responding to legitimate discovery requests, orders to show cause, and dispositive motions, and continued that pattern even after Judge Cassell filed the Complaint in this matter." Aplt. App., Vol. I at 29. Mr. Oliver's hearing testimony "was often incredible and at times outrageous. . . . , antagonistic, defensive, arrogant, and combative." *Id.* at 54-55. "[A]t best, Mr. Oliver is completely uninformed about his professional responsibilities, and at worst, he was lying under oath." *Id.* at 55. For instance, Mr. Oliver testified that "it's okay not to respond" to orders to show cause because the order itself said "if you don't [respond] your case is going to be dismissed." *Id.* at 59. He felt that if the court thought a response necessary it "would say, 'You know, you need to respond to this, and failure to respond will result in sanctions.'" *Id.*

The hearing examiner concluded that, in total, Mr. Oliver's conduct was "incredibly disrespectful to the court, opposing counsel, and parties." *Id.* 65-66. In the course of his "rogue practice," Mr. Oliver had violated Rules 3.1 and 8.4(a) by filing frivolous complaints and claims and violated Rules 3.2, 3.4, and 8.4(a) by failing to comply with court orders, respond to proper discovery requests, and withdraw claims after being warned that they appeared to be frivolous. *Id.* at 62, 65. As an appropriate sanction, the hearing examiner recommended a public reprimand and a one-year suspension from the practice of law before the United States District Court for the District of Utah and, upon reinstatement, be placed

on probation for a period of three years. While suspended and prior to reinstatement, Mr. Oliver should attend a class on professional responsibility and demonstrate substantial reorganization of his law practice to eliminate any future misconduct.

Mr. Oliver objected to the hearing examiner's report and requested a de novo hearing before the Panel. He contended that the report was not supported by the evidence, that the bases for suspension were not identical to the bases of the complaint, and that Rule 83-1.5 of the Civil Rules of Practice of the United States District Court for the District of Utah, concerning the discipline of attorneys, is unconstitutionally vague. The Panel, composed of a district judge, magistrate judge, and bankruptcy judge, reviewed the report and Mr. Oliver's objections. As a threshold matter, the Panel determined that a disciplinary proceeding is not the proper forum for a declaration that a rule is unconstitutional. It then found that the hearing examiner "was thorough and fair" and that his report was "well supported by the record." Aplt. App., Vol. I at 136. The Panel's order noted its concern that "opposing parties and counsel have been directly affected by Mr. Oliver's inability to exercise the fundamental skills of honest and timely analysis and communication." *Id.* at 137. The Panel entered its order suspending Mr. Oliver for not less than one year, placing him on probation for three years, and requiring a public reprimand. Mr. Oliver's subsequent motion to alter judgment was denied.

II.

This court has subject-matter jurisdiction over Mr. Oliver's appeal of the Panel's order. *In re Martin*, 400 F.3d 836, 840-41 (10th Cir. 2005). We review the suspension decision for an abuse of discretion. *Id.* at 841. And "[w]hile we generally construe pro se pleadings liberally," we decline to extend "the same courtesy" to Mr. Oliver, a licensed attorney. *Mann v. Boatright*, 477 F.3d 1140, 1148 n.4 (10th Cir.), *pet. for cert. filed*, 76 USLW 3226 (Aug. 17, 2007) (No. 07-523).

A. Constitutional claims

As a prelude to discussing Mr. Oliver's constitutional arguments, we recognize that "federal courts must afford attorneys some due process rights before suspending or disbarring them." *Mattox v. Disciplinary Panel of U.S. Dist. Court for Dist. of Colo.,* 758 F.2d 1362, 1365 (10th Cir. 1985) (discussing the denial of an application for readmission to the bar). An attorney subject to sanctions is entitled to receive reasonable notice of the allegations against him and an opportunity to respond. *Id.* at 1368-69. The attorney's due process rights, however, "do not extend so far as to guarantee the full panoply of rights afforded to an accused in a criminal case." *Razatos v. Colo. Supreme Court*, 746 F.2d 1429, 1435 (10th Cir. 1984) (quotation omitted).

Mr. Oliver received ample notice of the claims against him, as well as the opportunity to be represented by counsel, submit legal briefs, present evidence,

-8-

testify on his own behalf, and make closing arguments. Further, the hearing examiner searched the record to determine whether the Committee proved its case by clear and convincing evidence. We conclude that Mr. Oliver's right to procedural due process was not violated.

Mr. Oliver's appellate brief contains scattered contentions of additional constitutional violations. None of these arguments provides a reason to reverse the suspension order. Mr. Oliver alludes to a substantive due process violation, but he did not raise this issue before either the hearing examiner or the Panel. Thus, he waived any argument premised on the right to substantive due process. *Cf. In re Surrick*, 338 F.3d 224, 235 (3rd Cir. 2003) (stating that attorney waived issue by failing to request relief in initial disciplinary proceedings). Further, "[t]he ultimate standard for determining whether there has been a substantive due process violation is whether the challenged government action shocks the conscience of federal judges." *Moore v. Guthrie*, 438 F.3d 1036, 1040 (10th Cir. 2006) (quotations omitted). We perceive no shocking actions on the part of the Committee, the hearing examiner, or the Panel.

Mr. Oliver also lists an issue challenging the constitutionality of D.U. Civ. R. 83-1.5, pertaining to attorney discipline in the Utah federal courts. He claims that the rule

> permit[s] a lesser standard of preponderance rather tha[n] requiring
> clear and convincing evidence, by encouraging arbitrary application
> and enforcement, by encouraging ex parte communications between

the committee, the *actor*, and the court, the *judex*, against the defendant, Mr. Oliver, the *reus*, by failing to dispose of pretrial motions at the pretrial stage, by failing to conduct the trial in the final stage of litigation.

Aplt. Opening Br. at 9. We do not address this muddled statement. Mr. Oliver's briefs do not develop or support his contention that D.U. Civ. R. 83-1.5 is unconstitutional. "Where an appellant lists an issue, but does not support the issue with argument, the issue is waived on appeal." *Christian Heritage Acad. v. Okla. Secondary Sch. Activities Ass'n,* 483 F.3d 1025, 1031 (10th Cir. 2007).

B. Sufficiency-of-the-evidence arguments

Other issues listed by Mr. Oliver concern the sufficiency of the evidence. His statement-of-issues section states that "the final conclusion of dishonesty was impermissible where the trial judge [sic] concluded to the contrary that there existed no evidence of dishonesty or selfish motive" and that the evidence does not support a determination that he violated the specified Utah Rules of Professional Conduct. Aplt. Br. at 9-10.

Mr. Oliver's factual discussion calls the Panel's references to dishonesty "false outlandish insinuations." *Id.* at 20. His argument section, however, fails to formulate a legal argument based on this issue. As we have stated, "[s]cattered statements in the appellant's brief are not enough to preserve an issue for appeal." *Christian Heritage Acad.,* 483 F.3d at 1031 (quotation omitted). Mr. Oliver has abandoned this argument on appeal.

Finally, and most importantly, this court has no difficulty in agreeing with the Panel that Mr. Oliver's conduct violated the applicable rules of professional responsibility. In suspending Mr. Oliver from the practice of law, placing him on three-year probation upon readmission, requiring re-organization of his practice, and ordering a public reprimand, the Panel did not abuse its discretion.

The judgment of the district court is AFFIRMED.