FILED
United States Court of Appeals
Tenth Circuit

January 15, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

JUDY A. DAVIS,

        Plaintiff - Appellant,

v.

DEBORAH LEE JAMES, Secretary,
Department of the Air Force; U.S.
MERIT SYSTEMS PROTECTION
BOARD,

        Defendants - Appellees.

No. 14-6063
(D.C. No. 5:10-CV-01202-C)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **ANDERSON**, and **TYMKOVICH**, Circuit Judges.

Judy A. Davis appeals the district court's order of summary judgment on her

claims alleging discrimination and retaliation by the Department of the Air Force in

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

violation of Title VII of the Civil Rights Act of 1964.[1]  Exercising jurisdiction under

28 U.S.C. § 1291, we affirm.

## I.       Background

Davis was employed as a secretary at Tinker Air Force Base in Oklahoma for

24 years.  After the death of her daughter in 2008, Davis was involved in a dispute

with Patrick Harkless, her daughter's husband, over her daughter's possessions.

Prior to her daughter's death, Davis performed her assigned duties in a

satisfactory or above-satisfactory manner, even receiving cash or time-off awards in

2006, 2007, and April 2008.  Keith A. Dougherty was her first-level supervisor, Roy

A. Piatt was her second-level supervisor, and Lieutenant Colonel Gary Ingham was

her third-level supervisor.

Several months after her daughter's death, Piatt's administrative assistant and

Dougherty reported that Harkless's mother and boss called to complain about

receiving harassing phone calls from a number at Tinker.  Harkless's boss indicated

that the calls were disrupting his business and requested Tinker's assistance in

resolving the matter.  Dougherty reviewed Tinker's phone records, which revealed

that there were several phone calls from Davis's work extension to numbers

associated with Harkless.  During the phone-record investigation, Davis allegedly

made threats against Dougherty to Piatt.  Piatt contends that Davis told him, among

---

[1]     Although Davis named the Merit Systems Protection Board ("MSPB") in her
complaint, she did not assert any claims against it.  MSPB, nevertheless, remained a
party to the suit.

other things, that she would ensure Dougherty would experience "'pain,'" would "'get what's coming to him,'" and that she would "'rip Keith a new permanent asshole.'" Aplt. App., Vol. 1 at 186-187.

In the interim, on June 4, 2008, Davis settled an Equal Employment Opportunity ("EEO") complaint that she had filed in 2006 against Dougherty and others. In the EEO complaint, she apparently alleged that she was discriminated against and disciplined for supposedly fabricating offenses because she reported prohibited activities at Tinker, which included timecard fraud.

On September 8, 2008, Eddie Allen, the official assigned to independently review Davis's record, proposed to remove Davis from her position for three reasons: (1) Davis's inappropriate behavior and comments directed at Piatt about Dougherty; (2) Davis's inappropriate calls on a government phone to Patrick Harkless; and (3) Davis's failure to stay gainfully employed, as evidenced by approximately 840 non-work-related telephone calls attributed to her between April and August 2008. As a result, Davis was placed in non-duty pay status, effective September 8, 2008.

On November 26, 2008, Lieutenant Colonel Ingham issued a notice of decision to remove Davis, effective December 1, 2008. Davis appealed to the MSPB, asserting, in part, that she was wrongfully discharged for filing her 2006 EEO

complaint.[2]  The MSPB affirmed the agency's termination action.  Davis petitioned for review of the MSPB's decision, which was also affirmed.

Davis proceeded pro se to district court, alleging that she was discriminated against and wrongfully terminated in violation of 42 U.S.C. § 1981, 42 U.S.C. §§ 2000e to 2000e-17 ("Title VII"), the Age Discrimination in Employment Act, unidentified whistleblowing laws, and provisions of state law.  The district court dismissed all of Davis's claims except her allegations of Title VII violations.

Although Davis retained counsel before responding to requests for discovery, the bases for her Title VII claims differed in her complaint, discovery responses, and summary judgment response.  In Davis's discovery responses, none of the discriminatory or retaliatory acts that she identified included her termination. Instead, Davis stated that she was subjected to six instances of discrimination: (1) Dougherty refused to fix a leak in an adjoining bathroom; (2) Dougherty directed her to destroy records of certain military personnel; (3) Dougherty and a coworker subjected her to verbal abuse; (4) Dougherty micromanaged her; (5) Dougherty placed Jim Wagner, an employee who was a GS-11, in a position to do payroll and change payroll records; and (6) Major Angela Beavin asked Davis to process combat pay for her even though Major Beavin was not in Iraq.  The only retaliatory act Davis

---

[2]     Davis filed a second EEO complaint on November 13, 2008, which was not resolved until March 9, 2011. The 2008 EEO complaint is not at issue in this case.

identified was Dougherty's placement of Wagner in a position to do payroll and change payroll records.

The Air Force filed a motion for summary judgment. Davis responded, but did not address the six discriminatory acts or the single retaliatory act that she identified in discovery. Instead, she alleged that she "suffered unlawful discrimination and/or retaliation in that she was asked to investigate Mr. Dougherty on timecard fraud and she did so and then suffered discharge." Aplt. App., Vol. 2 at 312 (Plt's Obj. to Mot. Summ. J. at 18).[3] The district court declined to consider Davis's argument to the extent that it differed from what she relied on in discovery, but added that even if it did consider the new allegation, the result would be the same. The district court concluded that even if Davis could prove that the Air Force committed the acts she alleged, Davis offered no evidence from which a jury could determine that her treatment was because of her race, color, religion, sex, or national origin or that she was retaliated against for engaging in protected activity.

Davis filed a motion to alter or amend the judgment,[4] which the district court denied.

---

[3]    Davis's appendix is misnumbered – there are two pages numbered 312, one of which corresponds with page 8 of her response to summary judgment, and the other to page 18 of her response to summary judgment.

[4]    Although Davis titled her motion, "Plaintiff's Motion for New Trial," because there was no trial in this case, we will construe Davis's motion, filed pursuant to Federal Rule of Civil Procedure 59, as a motion to alter or amend the judgment.

## II.    Discussion

Title VII prohibits an employer from discriminating against any individual because of the individual's race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2(a)(1). Title VII also makes it unlawful for an employer to retaliate against an employee for opposing unlawful discrimination, or "because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." *Id.* § 2000e-3(a). A plaintiff seeking to prove discrimination or retaliation under Title VII may do so by presenting direct evidence of discriminatory motivation. *See Conroy v. Vilsack*, 707 F.3d 1163, 1171 (10th Cir. 2013). Without direct evidence, a plaintiff must establish a prima facie case under the framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973).

"[I]f the plaintiff can establish a prima facie case of discrimination or retaliation, the burden shifts to the defendant to show a legitimate non-discriminatory or non-retaliatory reason for the adverse employment action." *Antonio v. Sygma Network, Inc.*, 458 F.3d 1177, 1181 (10th Cir. 2006). If the defendant can meet this burden, then the burden "shifts back to the plaintiff to demonstrate that the defendant's proffered reason is pretext." *Id.*

Since we are reviewing the grant of summary judgment, our review is de novo.

## A. Discrimination

Davis first contends the district court erred in failing to find an inference of unlawful discrimination arising from her investigation and report of timecard fraud. The district court declined to consider this argument because "it [was] inconsistent with [Davis's] discovery response tendering all alleged acts on which her case was based." Aplt. App., Vol. 2 at 629 n.2.

We will not normally "address issues that were not considered and ruled upon by the district court." *Burnette v. Dresser Indus., Inc.,* 849 F.2d 1277, 1282 (10th Cir. 1988). In determining that no reasonable jury could find that Davis suffered discrimination in violation of Title VII, the district court considered only the six discriminatory acts Davis identified in her discovery responses. And Davis does not challenge the district court's exclusion of any other discriminatory acts. Accordingly, Davis's argument that she was unlawfully discriminated against because of what she found when she was asked to investigate timecard fraud was not preserved for our review.

Since the district court considered only the six discriminatory acts that Davis identified in discovery, those are the only discriminatory acts we can consider. But Davis makes no argument about these acts until her reply brief. Since "[t]his court does not ordinarily review issues raised for the first time in a reply brief," we decline to consider her arguments about the six discriminatory acts. *Stump v. Gates,*

211 F.3d 527, 533 (10th Cir. 2000). Consequently, Davis has effectively waived appellate review of any of her discrimination claims.

### B. Retaliation

Davis also argues that Tinker retaliated against her because of the timecard fraud investigation.[5]

To establish a prima facie case of retaliation, Davis had to show that: (1) she engaged in a protected activity; (2) she suffered an adverse employment action; and (3) there is a causal nexus between the protected activity and the employer's adverse action. *See Anderson v. Coors Brewing Co.*, 181 F.3d 1171, 1178 (10th Cir. 1999).

Title VII protects employees from retaliation for opposing, or making or supporting a complaint about, unlawful employment practices. *See Univ. of Tex. Sw. Med. Ctr. v. Nassar,* 133 S.Ct. 2517, 2530 (2013). An "'unlawful employment practice'" under Title VII is defined as "discrimination on the basis of . . . race, color,

---

[5] The district court's summary judgment order identified the six alleged acts of discrimination that Davis identified in discovery as the basis for her claim. The district court stated that, "[t]o the extent Plaintiff offers a different alleged discriminatory act in her Response, the Court will not consider it as it is inconsistent with her discovery response tendering all alleged acts on which her case was based." Aplt. App., Vol. 2 at 629 n.2. The court did not address Davis's retaliation argument except to conclude that no reasonable jury could find that Davis suffered retaliation in violation of Title VII, so it is not clear what acts the district court relied on in analyzing the retaliation claim, as identified by Davis. *See id.*, Vol. 1 at 211, 214, 215, 216, 217, 219, 223, 224, 225.

religion, sex, national origin, opposition to employment discrimination, and submitting or supporting a complaint about employment discrimination." *Id.* at 2532.

Davis contends that she was terminated in retaliation for filing her 2006 EEO complaint that alleged that she was being retaliated against for her whistleblowing about timecard fraud. But Davis did not allege that her 2006 EEO complaint also included allegations of "unlawful employment practices" under Title VII. And, as Davis has not included her 2006 EEO complaint in her appendix, we cannot ascertain her specific allegations therein.

Filing a complaint against an employer is protected by § 2000e-3(a) only if the complaint is about an employment practice made unlawful under Title VII. *See Petersen v. Utah Dep't of Corr.*, 301 F.3d 1182, 1188 (10th Cir. 2002) ("[A]n employer cannot engage in unlawful retaliation if it does not know that the employee has opposed or is opposing a violation of Title VII"). Davis did not have to prove that her employer actually engaged in a violation of Title VII, but Davis must have had a "reasonable good-faith belief" that the behavior she opposed – whether through a formal charge or an informal complaint – was discrimination prohibited by Title VII. *Hertz v. Luzenac Am., Inc.,* 370 F.3d 1014, 1015-16 (10th Cir. 2004); *see also Zinn v. McKune*, 143 F.3d 1353, 1362-63 (10th Cir. 1998) (Briscoe, J., concurring) (stating that because the plaintiff "failed to establish that her EEO complaint alleged discrimination forbidden by Title VII . . . she could not have had a reasonable good faith belief that she was reporting retaliation or discrimination prohibited by Title VII [and]

she did not establish that she engaged in protected activity by filing an internal EEO complaint ").

Since Davis argues only that her EEO complaint contained an allegation that she was being retaliated against because she engaged in whistleblowing about timecard fraud, she could not have had a reasonable good faith belief that she was opposing conduct prohibited by Title VII when she filed her EEO complaint. Thus, Davis did not meet her burden of showing that she engaged in a protected activity.

Accordingly, the district court properly granted summary judgment on Davis's retaliation claim.

## C. Motion to Alter or Amend the Judgment

Davis also includes the district court's denial of her motion to alter or amend the judgment in her statement of issues on appeal. But Davis does not make a substantive argument regarding the motion, cite to the record or authority, or include the district court's order in the record. Accordingly, Davis has waived appellate review of the district court's denial of the motion. *See Comm. on Conduct of Att'ys v. Oliver*, 510 F.3d 1219, 1224 (10th Cir. 2007) ("Where an appellant lists an issue, but does not support the issue with argument, the issue is waived on appeal.") (internal quotation marks omitted)). *See also Habecker v. Town of Estes Park, Colo.*, 518 F.3d 1217, 1223 n.6 (10th Cir. 2008) (noting that the court will not consider an issue where appellant "failed to 'advanc[e] reasoned argument as to the grounds for

the appeal'") (quoting *Am. Airlines v. Christensen*, 967 F.2d 410, 415 n.8 (10th Cir. 1992)).

The judgment of the district court is affirmed.

Entered for the Court


Timothy M. Tymkovich
Circuit Judge