**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 2, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

M. JAMES NASUTI,

Plaintiff - Appellant,

v.

WHOLE FOODS MARKET, a/k/a
WFM-WO, INC.,

Defendant - Appellee.

No. 19-1128
(D.C. No. 1:19-CV-00509-RM-KMT)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **McKAY**, and **BACHARACH**, Circuit Judges.
_____

This appeal involves the relationship between two suits in district court.

The first suit grew out of Mr. James Nasuti's unsuccessful efforts to obtain a job with Whole Foods Market. After twelve failed employment applications, Mr. Nasuti sued in state court, identifying the defendant as

_____

[*]    Oral argument would not materially help us to decide this appeal, so we have decided the appeal based on the briefs. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

This order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But the order and judgment may be cited for its persuasive value if otherwise appropriate. Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

"Whole Foods Market, a/k/a WFM-WO, Inc., a Collective Trade Name for Others Whose Ident[it]ies are Unknown." Whole Foods Market removed the action to federal court and moved for dismissal based on the failure to state a valid claim. Mr. Nasuti moved for a remand to state court, and the district court stayed during the pendency of Whole Foods Market's motion to dismiss and Mr. Nasuti's motion to remand.

Mr. Nasuti feared that the stay might ultimately doom his suit if he had sued the wrong Whole Foods entity,[1] and he expected the stay to eat up the time that he would otherwise have to fix this defect. R. at 267. So he filed a new suit. *Id.* ("Plaintiff has, in just the last few days, discovered a way to evade the discovery ban and creatively name other likely Defendants using Colorado law."); *see also id.* at 305 (Mr. Nasuti's statement that the stay of further discovery and filing of motions prevented him from amending his pleadings, leaving him no other choice than to file a new suit in state court). The district court dismissed the second suit without prejudice, viewing it as repetitive with the first suit and an abusive effort to circumvent the stay in the first suit. Mr. Nasuti appeals the dismissal of the second suit, and we affirm.

---

[1] In the first amended complaint, he stated that he could not be sure "which Whole Foods entity(s) discriminated against him." R. at 47.

2

## I. Repetition of the Two Actions

The district court did not err in viewing the second suit as repetitive. On this issue, we apply the abuse-of-discretion standard. *Katz v. Gerardi*, 655 F.3d 1212, 1217 (10th Cir. 2017). In applying this standard, we consider the district court's reasoning. The district court reasoned that the second suit had grown out of the same core of facts underlying the first suit. In both suits, the court reasoned, Mr. Nasuti was alleging age discrimination based on his unsuccessful employment applications with Whole Foods.

The court was concerned that Mr. Nasuti had tried to "split" the same claims into two separate suits. Given this concern, the court ordered Mr. Nasuti to address the issue. R. at 545–48. Mr. Nasuti responded, but the response didn't address the court's concern. Mr. Nasuti instead attacked the integrity of the judge, accusing him of trying to "bury" Whole Foods Market's "racketeering scandal." *Id.* at 549.[2]

We focus on the substance of the issue, not Mr. Nasuti's personal attack on the judge. The court had a legitimate interest in trying to prevent a claimant from filing two virtually identical complaints to circumvent a

---

[2] Mr. Nasuti called his response "Plaintiff's Bewildered Response to the Court's *Sua Sponte*, *Ex Parte* 'Bury the Scandal' Sanctions Order Thing." R. at 549.

3

restriction on amending a complaint. *Hartsel Springs Ranch of Colo., Inc. v. Bluegreen Corp.*, 296 F.3d 982, 985 (10th Cir. 2002).

Mr. Nasuti does not deny that the second suit is repetitive. He instead argues that he needed to file the second suit because of the stay in the first suit. Rather than file a repetitive suit, however, Mr. Nasuti could have moved to lift the stay, sought a writ of mandamus, appealed an adverse ruling, or moved to amend the complaint (and argued that the amendment should relate back to the original complaint for purposes of the limitations period). Thus, the district court acted within its discretion in dismissing the second suit as repetitive.

## II. Sanction for Trying to Circumvent the Stay

The district court also dismissed the second suit as a sanction for trying to circumvent the stay in the first suit. For this rationale, we again apply the abuse-of-discretion standard. *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Justice Ctr.*, 492 F.3d 1158, 1161 (10th Cir. 2007).

Though Mr. Nasuti is an attorney,[3] he is acting pro se. Irrespective of his pro se status, he must comply with the same procedural rules applicable to other litigants. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836,

---

[3] He states that he does not currently practice law, but adds in the first amended complaint that he is "in good standing, with extensive experience in labor law, contracts, management, and safety issues." R. at 46.

4

840 (10th Cir. 2005).[4] The district court had the authority to enforce its stay order in the first suit, with or without a motion by one of the parties. *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) (discussing the court's authority to act sua sponte under Fed. R. Civ. P. 41(b)).

Mr. Nasuti protests that he had no choice because the limitations period was about to expire on a claim against another Whole Foods entity if he had mistakenly named the wrong party. But if the limitations period had been about to expire, he had other options (as discussed above).

For the sake of argument, we might assume that the district court could have credited Mr. Nasuti's explanation for his filing of the second suit. Even with this assumption, however, our issue is whether the district court abused its discretion. In our view, the district court did not abuse its discretion in the face of Mr. Nasuti's admission that he had filed the second suit to bypass the stay entered in the first suit.

## III. Request for an Injunction

Mr. Nasuti asks us to enjoin Whole Foods Market from further violations of RICO, arguing that we can act sua sponte to prevent a fraud on the court or to issue a writ of mandamus. But Mr. Nasuti has not

---

[4] We ordinarily interpret pro se filings with greater liberality than is afforded to filings by counselled parties. *Comm. on the Conduct of Attorneys v. Oliver*, 510 F.3d 1219, 1223 (10th Cir. 2007). But when the pro se party is an attorney, we interpret his or her filing just as we would in a counselled case. *Id.*

5

presented evidence of a fraud on our court or explained how we could enjoin RICO violations as a remedy for such a fraud. Nor has he shown how we could issue a writ of mandamus to prevent a party from violating RICO. We thus deny Mr. Nasuti's request for an injunction.

Affirmed.

Entered for the Court


Robert E. Bacharach
Circuit Judge