FILED
United States Court of Appeals
Tenth Circuit

November 13, 2025

Christopher M. Wolpert
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

_____

JAMES HARRISON MASSEY,

    Plaintiff - Appellant,

v.

COMPUTERSHARE LIMITED, a/k/a
Computershare, Inc., a/k/a
Computershare US, Inc.; BANK OF
AMERICA, NA; SPECIALIZED
LOAN SERVICING, LLC, a/k/a
Computershare Loan Services,

    Defendants - Appellees.

Nos. 24-1095 & 24-1445
(D.C. No. 1:21-CV-00601-WJM-SBP)
(D. Colo.)

_____

ORDER AND JUDGMENT*
_____

Before **McHUGH**, **KELLY**, and **FEDERICO**, Circuit Judges.
_____

In these procedurally consolidated appeals, James Harrison Massey,

proceeding pro se, seeks reversal of the district court's judgment dismissing

_____

    * After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rules of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

this action, its award of attorney fees to defendants, and its imposition of filing restrictions. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm in both appeals and deny Massey's pending motions to file an overlength amended opening brief. We also conclude that these appeals are frivolous.

## I

In 2019, Massey requested a payoff quote for his home equity line of credit (HELOC) from the loan servicer, Specialized Loan Servicing (SLS). SLS provided a quote, and Massey allegedly mailed SLS a cashier's check for the quoted amount. The parcel purportedly containing the check was delivered to SLS, but SLS could not find the parcel or the check. Accordingly, SLS asked Massey to stop payment on the missing check and send a replacement, offering to reimburse Massey for any fees associated with stopping payment and any mailing costs in resending the payoff funds. SLS also offered to honor the original payoff quote even though by then, several months had passed.

Massey refused this offer and eventually defaulted on his debt. In April 2020 he received a notice of default and intent to foreclose. SLS again asked Massey to stop payment on the missing check, and it asked him to sign an indemnity agreement. Massey feared signing an indemnity agreement because his bank told him the holder of a cashier's check can still negotiate or cash the check. Massey instead asked SLS to sign an

2

indemnity agreement. SLS declined to do so. Massey's bank eventually agreed to stop payment on the check and transferred the full amount back into Massey's account.

Massey then filed a civil action (*Massey I*) against SLS in the United States District Court for the Western District of Kentucky. Massey asserted the Kentucky court had diversity jurisdiction under 28 U.S.C. § 1332 because he was a Kentucky citizen, SLS was a Delaware corporation with its principal place of business in Colorado, and more than $75,000 was in controversy. He advanced a variety of tort claims based on SLS's conduct with respect to his attempt to pay off the HELOC. In a separate filing construed as a supplement to his complaint, Massey admitted that SLS never cashed the check he allegedly had sent and that the funds from the check had been redeposited into his account. He requested not less than $10 million in damages.

SLS filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Massey filed a motion for partial summary judgment. The Kentucky court granted SLS's motion, denied Massey's motion, and dismissed his claims. Massey did not appeal.

Massey then filed the action underlying this appeal (*Massey II*) in the United States District Court for the District of Colorado. In his first amended complaint (FAC), Massey named as defendants SLS, also known

3

as Computershare Loan Services, Bank of America, and several Computershare entities. He alleged the court had diversity jurisdiction, and he asserted a variety of tort claims premised on allegations similar to those in *Massey I*. The district court determined that res judicata, also referred to as claim preclusion, barred all of Massey's claims. The court dismissed with prejudice those claims that arose out of facts that occurred on or before May 12, 2020, which was the date Massey filed the operative complaint in *Massey I*. And the court dismissed without prejudice those claims that arose out of facts that occurred after May 12, 2020, because Massey had not clearly alleged what those facts were, and therefore the court could not determine whether an exception to res judicata might apply to claims predicated on events postdating the filing of the initial complaint in *Massey I*.

Massey then asked for and was granted leave to file a second amended complaint (SAC). In the SAC he again asserted the district court had diversity jurisdiction, and he advanced multiple claims for relief against SLS; Computershare Limited, also known as Computershare, Inc., and Computershare U.S., Inc.; and Bank of America, N.A. Defendants filed motions to dismiss the SAC. A magistrate judge recommended dismissing the SAC as barred by res judicata because the claims stemmed from the same underlying circumstances as the Kentucky action, and Massey's only

4

attempt to differentiate his claims was by relying on monthly HELOC statements issued after May 12, 2020. Massey filed objections to the recommendation and also a motion seeking vacatur of both *Massey I*'s final judgment and the district court's order dismissing the FAC, arguing that those rulings were void for lack of subject matter jurisdiction.[1]

The district court overruled Massey's objections to the magistrate judge's recommendation, adopted and incorporated the recommendation, and dismissed the SAC with prejudice based on res judicata. In the alternative, the court dismissed the SAC without prejudice for failure to state a claim upon which relief can be granted.[2]

The district court also denied Massey's motion for vacatur. The court explained that Massey could not collaterally attack *Massey I*'s

---

[1] Massey also appeared to request vacatur of a judgment the Western District of Kentucky entered against him in a third case he had filed against SLS, several Computershare entities, and other defendants (*Massey III*). *See* R. at 379 (vacatur motion referring to judgment in *Massey III* as a "void judgment"); R. at 391 (seeking vacatur of "all void Judgments having been rendered, and/or adjudicated in this case, by any court, at any time, and/or, yet pending resolution by any court"). In *Massey III*, the Kentucky court concluded that it had diversity jurisdiction over the action and that *Massey I* was res judicata as to *Massey III*. *See* Aple. App. IV at 497–511 (dismissal order in *Massey III*). The Sixth Circuit affirmed the judgment in *Massey III*. *See Massey v. Specialized Loan Servicing, LLC*, No. 23-5860, 2024 WL 4471678, at *5 (6th Cir. Sept. 9, 2024).

[2] In the further alternative, the district court dismissed without prejudice the claims against Computershare, Inc., based on Massey's failure to properly serve it.

determination that the Kentucky court had subject matter jurisdiction over that action, and therefore no judgment or order in *Massey I* or the instant action was void for lack of subject matter jurisdiction or any other reason. The court additionally found that Massey's attack on the district court's jurisdiction, which he himself had invoked based on diversity of citizenship, was "conclusory" and "border[ed] on the absurd," R. at 431, thus offering no basis for vacatur of the court's order dismissing the FAC. *See* R. at 435 (incorporating jurisdictional analysis, R. at 429–32, into ruling on motion for vacatur).

The district court entered judgment. Massey appeals that judgment. That appeal is No. 24-1095.

After the entry of judgment, SLS and the Computershare defendants moved for an award of attorney fees and an order enjoining Massey from filing any future actions against them without first obtaining the district court's permission. The district court granted the motion. The court awarded defendants $85,624.33 in attorney fees. The court also imposed filing restrictions on Massey, enjoining him from (1) commencing any litigation pro se in the District of Colorado against SLS or the Computershare defendants related to the subject matter of the instant action without first obtaining leave of the court, and (2) "filing any further

post-judgment documents in this action" without first obtaining the court's leave. R. at 882. Massey appeals that ruling. That appeal is No. 24-1445.[3]

## II

We review de novo a district court's Rule 12(b)(6) dismissal based on res judicata or failure to state a claim upon which relief can be granted. *See Campbell v. City of Spencer*, 777 F.3d 1073, 1077 (10th Cir. 2014) (res judicata); *Thomas v. Kaven*, 765 F.3d 1183, 1190 (10th Cir. 2014) (failure to state a claim).[4] We review an award of attorney fees "for a clear abuse of discretion," but we review de novo any "statutory interpretation or legal analysis that formed the basis of the award." *Malloy v. Monahan*, 73 F.3d 1012, 1017 (10th Cir. 1996). We review a district court's imposition of filing restrictions for an abuse of discretion. *Tripati v. Beaman*, 878 F.2d 351, 354 (10th Cir. 1989).

"[W]e generally construe pro se pleadings liberally," but not when the litigant is a licensed attorney. *Comm. on Conduct of Att'ys v. Oliver*,

---

[3] After the district court imposed the filing restrictions, Massey filed a post-judgment motion seeking vacatur of all the district court's orders in this case based on allegations that three of defendants' attorneys were not admitted to practice law in any Colorado court. The district court struck that motion because Massey did not first obtain leave of court to file it. Massey appealed that ruling, and that appeal is No. 25-1124, which we have decided today in a separate order and judgment.

[4] The affirmative defense of res judicata "may be upheld on a Rule 12(b)(6) motion." *Day v. Moscow*, 955 F.2d 807, 811 (2d Cir. 1992).

510 F.3d 1219, 1223 (10th Cir. 2007) (internal quotation marks omitted). In the district court, Massey appeared to represent that he is a former attorney. *See* Aple. App. III at 304 ("In early 2000, while then residing and working in the State of Colorado, Plaintiff was placed on disability inactive status by the Colorado Supreme Court." (emphasis omitted)); R. at 429 (district court noting magistrate judge's observation that Massey is "'a formerly barred Colorado attorney'" (quoting R. at 309 n.3)). So, Massey falls somewhere in between a typical pro se litigant and a licensed attorney. Here, we choose to liberally construe his filings. But we cannot act as his advocate, and he must "follow the same rules of procedure that govern other litigants." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (internal quotation marks omitted).

## III

In his opening brief, Massey does not directly challenge any of the district court's rulings. Instead, his central argument is that the judgment in *Massey I* is void for lack of jurisdiction and, as a result, the judgment dismissing his claims in this case is also void, as are the resulting award of attorney fees and the imposition of filing restrictions. Massey's central argument is difficult to follow, but we need not definitively sort it out

because it amounts to no more than a collateral attack on the *Massey I* judgment.[5] As we proceed to explain, that is impermissible.

Federal courts have "'authority . . . to determine whether or not they have jurisdiction to entertain the cause and for this purpose to construe and apply the statute under which they are asked to act. Their determinations of such questions, while open to direct review, may not be assailed collaterally." *Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 152–53 (2009) (quoting *Chicot Cnty. Drainage Dist. v. Baxter State Bank*, 308 U.S. 371, 376 (1940)).

As particularly relevant here, "[a] party that has had an opportunity to litigate the question of subject-matter jurisdiction may not . . . reopen that question in a collateral attack upon an adverse judgment." *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 n.9 (1982). Instead, judgments that have become "final on direct review," "whether or not proper exercises of [the issuing court's] jurisdiction and power," are "res judicata to the parties and those in privity with them, not only as to every matter which was offered and received to sustain or defeat

---

[5] Massey's theory that the *Massey I* judgment is void appears to be that (1) the *Massey I* court did not assure itself that it had diversity jurisdiction over the action, and (2) under certain principles of the Uniform Commercial Code codified in several Kentucky statutes, SLS's receipt of Massey's check extinguished his obligation under the HELOC and (somehow) rendered the case *that he filed* moot and nonjusticiable.

the claim or demand, but as to any other admissible matter which might have been offered for that purpose." *Travelers Indem. Co.*, 557 U.S. at 152 (internal quotation marks omitted). Such judgments "are not any the less preclusive because the attack is on the [district court's] conformity with its subject-matter jurisdiction, for 'even subject-matter jurisdiction may not be attacked collaterally.'" *Id.* (brackets and ellipsis omitted) (quoting *Kontrick v. Ryan*, 540 U.S. 443, 455 n.9 (2004)). Put simply, "principles of res judicata apply to jurisdictional determinations – both subject matter and personal." *Ins. Corp. of Ireland*, 456 U.S. at 702 n.9.[6]

As these Supreme Court precedents make clear, the district court did not have authority to declare the *Massey I* judgment void, nor does this court. Massey could have argued to the Sixth Circuit that the *Massey I* judgment was void, but he did not appeal that judgment, and he may not now collaterally challenge it here. Accordingly, to the extent Massey's argument that the district court's rulings in this case are void because they

---

[6] While there may be "rare situations" and "exceptional circumstances" in which a few recognized exceptions to this point might apply, *see Travelers Indem. Co.*, 557 U.S. at 153 n.6, Massey does not raise or argue the applicability of any such exception.

stem from the allegedly void *Massey I* judgment, the argument necessarily fails.[7]

Massey also claims the district court's judgment in this case is "void because of judicial misconduct involving egregious judicial intemperance, inviting valid inquiries of corruption." Aplt. Op. Br. at 9 (capitalization omitted). And he levels other unfounded accusations that the district judge is corrupt and has engaged in judicial misconduct. *See, e.g.*, Aplt. Op. Br. at 30; Aplt. Reply Br. at 15. These arguments are insufficiently developed and therefore waived. *See Sawyers v. Norton*, 962 F.3d 1270, 1286 (10th Cir. 2020) ("[A]rguments that are inadequately presented in an opening brief [are] abandoned or waived." (internal quotation marks omitted)). Also, we admonish Massey that we "will not allow liberal pleading rules and pro se practice to be a vehicle for abusive documents. Our pro se practice is a shield against the technical requirements of a past age; it is not a sword with which to insult a trial judge." *Garrett*, 425 F.3d at 841 (internal quotation marks omitted).

---

[7] Massey cites a number of cases from state courts and federal circuit courts purportedly standing for the proposition that it is permissible to bring a collateral attack on another court's final judgment. Those cases, however, are not binding on this court; the cited Supreme Court precedents are what we must follow.

Massey also criticizes the district court for implying that the application of res judicata is discretionary. He contends that this alleged misunderstanding of the law allowed the district court to apply res judicata in this case despite that the *Massey I* judgment is allegedly void. Massey's criticism is founded on the district court's statement that "it appears by all accounts that Massey is intent on re-filing the same lawsuit in different forums until a court is willing to find his claims are not barred by res judicata." R. at 879. But that statement is nothing more than an expression of exasperation with Massey made as part of the district court's justification for imposing filing restrictions on him. It does not demonstrate a misunderstanding of the law of res judicata and has no bearing on the district court's application of that law.[8]

---

[8] The district court's concern with Massey's serial filing of cases stemming from his attempt to pay off the HELOC was well taken. Since the district court's statement, Massey has had two other cases concerning the same subject matter dismissed based on res judicata, with appeals pending in each. *See Massey v. Wilmington Sav. Fund Soc'y Fin. Corp. (NASDAQ-WSFS)*, No. 24-CI-1537, slip op. (dismissing Massey's claims based on res judicata effect of *Massey I–III*) (Warren Cir. Ct., Ky., Feb. 3, 2025) (copy available at Aple. App. V at 538–46), *appeal docketed*, No. 2025-CA177 (Ky. Ct. App. Feb. 10, 2025); *Massey v. Rithm Cap. Corp.*, No. 1:24-cv-3547, 2025 WL 2576521, at *12 (D. Colo. Sept. 5, 2025) (rejecting argument that *Massey I* is void and dismissing, with prejudice, Massey's claims based on res judicata effect of *Massey I*), *appeal docketed*, No. 25-1367 (10th Cir. Sept. 22, 2025).

## IV

Finally, we address Massey's motions for leave to (1) file a first amended opening brief, ECF No. 48; and (2) exceed the word count for his proposed amended opening brief, ECF No. 49. Massey asks us to grant these motions so he can include "additional dispositive information that was not available to [him] when the original Brief was drafted and filed." ECF. No. 48 at 2. That information is a "notarized statement" from the bank that issued the cashier's check. ECF No. 49 at 2; *see also* ECF No. 46-1 at 31 (proposed first amended opening brief stating that "[t]he factual foundation for [the] expanded Brief can be found in the notarized statement provided by . . . the issuing bank of the cashier's check used to pay off the 'HELOC'"). The bank's "notarized statement" is a declaration executed on February 2, 2025, stating that the "cashier's check has not been cashed," that SLS could cash it "at any time," or, if it "has been lost or destroyed," the bank would either issue a replacement check or cash the check if SLS presents the bank with a signed "Declaration of Loss." ECF No. 46-4 at 10.

Defendants oppose the motions because Massey seeks to advance an argument based on evidence not presented to the district court. Massey replies that we should allow the new evidence because of its "dispositive nature." ECF No. 54 at 4. He also argues that the new evidence relates to issues he raised in the district court and is tantamount to the

13

"extraordinary and compelling circumstances" that can justify granting a motion to exceed the word limit for briefs under 10th Cir. R. 28.3(A). And he contends that injustice would result if we do not consider his new evidence.

We deny the motions. As Massey concedes, he filed the motions so he can present "newly acquired, additional, and relevant information" to expand on "preexisting, historical-based arguments." ECF No. 54 at 3 (emphasis omitted). But our review is generally limited to the record that was before the district court. *See Regan-Touhy v. Walgreen Co.*, 526 F.3d 641, 648 (10th Cir. 2008). And although we have discretion to "resolv[e] an issue not passed on below . . . where injustice might otherwise result," *Singleton v. Wulff*, 428 U.S. 106, 121 (1976) (internal quotation marks omitted), Massey asserts the new evidence relates to arguments he *already presented*. In any event, we fail to see how any injustice would result if we do not consider the bank's declaration. The declaration concerns whether SLS could still cash the cashier's check, ostensibly leaving Massey liable for that amount. That potentiality has no bearing on our conclusion that Massey may not collaterally challenge the *Massey I* judgment or that his other arguments concerning the district court's application of res judicata are without merit. Thus, contrary to Massey's contention, the new evidence is not "dispositive," ECF No. 54 at 4. Nor is it indicative of any

14

extraordinary or compelling circumstances that might warrant our consideration of it. Because we decline to consider the new evidence, there are no circumstances, let alone extraordinary or compelling circumstances, that justify granting leave to exceed the word limit under 10th Cir. R. 28.3(A).

## V

We deny Massey's pending motions. We affirm the district court's judgment and its order awarding attorney fees and imposing filing restrictions. In addition, we conclude that these appeals are frivolous. "An appeal is frivolous when the result is obvious, or the appellant's arguments of error are wholly without merit." *Braley v. Campbell*, 832 F.2d 1504, 1510 (10th Cir. 1987) (en banc) (internal quotation marks omitted). Both are true here. Massey has advanced no argument specifically targeting the district court's application of res judicata, its award of attorney fees, or its imposition of filing restrictions. And the arguments he does raise are wholly without merit. Thus, the result in these appeals is obvious. We warn Massey that if he continues to pursue frivolous appeals in this court, he could face filing restrictions or other sanctions here. *See Tripati*, 878 F.2d at 353 ("[T]he right of access to the courts is neither absolute nor unconditional,

15

and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." (citation omitted)).

Entered for the Court

Richard E.N. Federico
Circuit Judge