**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 13, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

JAMES HARRISON MASSEY,

    Plaintiff - Appellant,

v.

COMPUTERSHARE LIMITED, a/k/a
Computershare, Inc., a/k/a
Computershare US, Inc.; BANK OF
AMERICA, NA; SPECIALIZED
LOAN SERVICING, LLC, a/k/a
Computershare Loan Services,

    Defendants - Appellees.

No. 25-1124
(D.C. No. 1:21-CV-00601-WJM-SBP)
(D. Colo.)

_____

**ORDER AND JUDGMENT***
_____

Before **McHUGH**, **KELLY**, and **FEDERICO**, Circuit Judges.
_____

James Harrison Massey, appearing pro se, appeals the district court's

order striking his post-judgment motion for failure to comply with filing

_____

* After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

restrictions the district court imposed. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm. We also conclude that this appeal is frivolous.

**I**

The factual and procedural background of this case is set forth in an order and judgment deciding companion appeals filed contemporaneously with this order and judgment. *See Massey v. Computershare Ltd.*, Nos. 24-1095, 24-1445 (10th Cir. Nov. 13, 2025). For present purposes, it suffices to say that the district court dismissed Massey's action with prejudice based on res judicata and, in the alternative, for failure to state a claim upon which relief can be granted. The court also awarded attorney fees to defendants and imposed filing restrictions on Massey. In the companion appeals, we affirmed all of those rulings and deemed the appeals frivolous.

At issue here is Massey's failure to comply with a portion of the filing restrictions that requires him to obtain leave from the district court before "filing any further post-judgment documents in this action," R. I at 882. After the district court imposed that restriction, Massey filed a post-judgment Motion For Vacatur Of Void Judgments And Orders Based Upon Unauthorized Practice Of Law (Motion), arguing that all of the district court's rulings in this case were void because three of defendants' attorneys were not admitted to practice in the district court. Defendants

2

responded with proof that the three attorneys were admitted to practice in the district court. The district court did not reach the merits of the Motion but instead struck it because Massey "did not seek leave of Court to file the Motion." R. II at 33. Massey appeals.

## II

We review the district court's application of a previously-imposed filing restriction for an abuse of discretion. *See United States v. Nicholson*, 983 F.2d 983, 988 (10th Cir. 1993) (stating that district court decisions involving "control of the docket and parties . . . are reviewed only for abuse of discretion" (internal quotation marks omitted)); *cf. Tripati v. Beaman*, 878 F.2d 351, 354 (10th Cir. 1989) (noting district court's imposition of filing restrictions is reviewed for abuse of discretion). A district court abuses its discretion "when it makes a clear error of judgment, exceeds the bounds of permissible choice, or when its decision is arbitrary, capricious or whimsical, or results in a manifestly unreasonable judgment." *United States v. Mobley*, 971 F.3d 1187, 1195 (10th Cir. 2020) (internal quotation marks omitted).

"[W]e generally construe pro se pleadings liberally," but not when the litigant is a licensed attorney. *Comm. on Conduct of Att'ys v. Oliver*, 510 F.3d 1219, 1223 (10th Cir. 2007) (internal quotation marks omitted). In the district court, Massey appeared to represent that he is a former

attorney. *See* Aple. App. III at 304 (Nos. 24-1095 & 24-1445) ("In early 2000, while then residing and working in the State of Colorado, Plaintiff was placed on disability inactive status by the Colorado Supreme Court." (emphasis omitted)); R. I at 429 (district court noting magistrate judge's observation that Massey is "'a formerly barred Colorado attorney'" (quoting R. I at 309 n.3)). So, Massey falls somewhere in between a typical pro se litigant and a licensed attorney. Here, we choose to liberally construe his filings. But we cannot act as his advocate, and he must "follow the same rules of procedure that govern other litigants." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (internal quotation marks omitted).

## III

The narrow issue in this appeal is whether the district court abused its discretion in striking the Motion because Massey did not first obtain the district court's leave to file it. But in his opening brief, Massey does not adequately develop any argument pertaining to that issue. At most, he summarily claims there was no plausible basis for the district court's order, that the order is void,[1] and that the court lacked jurisdiction to enter any

---

[1] In the companion appeals, we rejected Massey's argument that the district court's orders were void and we deemed those appeals frivolous.

orders due to the three attorneys' allegedly unauthorized practice of law. *See, e.g.*, Aplt. Op. Br. at 9, ¶ 32; *id.* at 16, ¶ 52; *id.* at 17, ¶¶ 53, 55; *id.* at 18, ¶ 59; *id.* at 19, ¶¶ 64–65; *id.* at 24, ¶ 87. He therefore has waived appellate review of whether the district court abused its discretion in entering the order striking the Motion. *See Sawyers v. Norton*, 962 F.3d 1270, 1286 (10th Cir. 2020) ("Issues not raised in the opening brief are deemed abandoned or waived . . . [as are] arguments that are inadequately presented . . . ." (internal quotation marks omitted)).[2] Accordingly, we affirm the district court's order.

We also conclude that this appeal is frivolous because Massey has not even attempted to explain why the district court's order striking the motion was an abuse of discretion. And our independent review leads us to conclude that the order plainly was not an abuse of discretion. *See Braley v. Campbell*, 832 F.2d 1504, 1510 (10th Cir. 1987) (en banc) ("An appeal is frivolous when the result is obvious, or the appellant's arguments of error

---

[2] Massey also advances arguments similar to the unmeritorious arguments he made in the companion appeals, and he argues the merits of the Motion. But those arguments involve issues that are not before us in this appeal, so we do not address them. Massey also engages in unfounded attacks on the district judge's character and the judge's conduct in this case. We admonish Massey that we "will not allow liberal pleading rules and pro se practice to be a vehicle for abusive documents. Our pro se practice is a shield against the technical requirements of a past age; it is not a sword with which to insult a trial judge." *Garrett*, 425 F.3d at 841 (internal quotation marks omitted).

are wholly without merit." (internal quotation marks omitted)); *Nixon v. City & Cnty. of Denver*, 784 F.3d 1364, 1366 (10th Cir. 2015) ("The first task of an appellant is to explain to us why the district court's decision was wrong."). We warn Massey that if he continues to pursue frivolous appeals in this court, he could face filing restrictions or other sanctions here. *See Tripati*, 878 F.2d at 353 ("[T]he right of access to the courts is neither absolute nor unconditional, and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." (citation omitted)).

Entered for the Court

Richard E.N. Federico
Circuit Judge